IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| STEVEN HIRSCH, | § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CASE NO. 3:19-CV-00064-DB |
| NPG OF TEXAS, L.P., | | |
| Defendant. | | |

**DEFENDANT NPG OF TEXAS, L.P.'S ANSWER**

Defendant NPG of Texas, L.P. ("Defendant"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff Steven Hirsch ("Plaintiff") as follows:

**I.
NATURE OF THE ACTION**

1.   Paragraph 1 contains legal conclusions to which no responses of Defendant is required.  To the extent this paragraph is construed to contain factual allegations requiring a response, any such allegations are denied.

**II.
JURISDICTION AND VENUE[1]**

2.   Defendant admits that Plaintiff's claim purports to arise in part under the Copyright Act, 17 U.S.C. § 101, *et seq*. The remainder of Paragraph 2 contains legal conclusions to which no response of Defendant is required. To the extent this paragraph is

---

[1] To the extent necessary, Defendant denies the headings and subheadings contained in Plaintiff's Complaint, which are replicated herein for reference only.

construed to contain any additional factual allegations requiring a response, any such allegations are denied.

3. Defendant denies the allegation contained in Paragraph 3 that it resides and transacts business in New York. The remainder of Paragraph 3 contains legal conclusions to which no response of Defendant is required. To the extent this paragraph is construed to contain any additional factual allegations requiring a response, any such allegations are denied.

4. Paragraph 4 contains legal conclusions to which no response of Defendant is required. To the extent this paragraph is construed to contain factual allegations requiring a response, any such allegations are denied.

## III.
## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies all allegations therein.

6. Defendant admits the allegations contained in Paragraph 6.

## IV.
## STATEMENT OF FACTS

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies all allegations therein.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies all allegations therein.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies all allegations therein.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies all allegations therein.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies all allegations therein.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies all allegations therein. To the extent this paragraph contains legal conclusions, no response of Defendant is required.

## V.
## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
## (17 U.S.C. §§ 106, 501)

13. Defendant refers to and incorporates by reference its responses contained in Paragraphs 1 through 12 above as though set forth fully herein.

14. Paragraph 14 contains legal conclusions to which no response of Defendant is required. To the extent this paragraph is construed to contain factual allegations requiring a response, any such allegations are denied.

15. Paragraph 15 contains legal conclusions to which no response of Defendant is required. To the extent this paragraph is construed to contain factual allegations requiring a response, any such allegations are denied.

16. Defendant denies the allegations set forth in Paragraph 16.

17. Paragraph 17 contains legal conclusions to which no response of Defendant is required. To the extent this paragraph is construed to contain factual allegations requiring a response, any such allegations are denied.

18. Paragraph 18 contains legal conclusions to which no response of Defendant is required. To the extent this paragraph is construed to contain factual allegations requiring a response, any such allegations are denied.

19. Paragraph 19 contains legal conclusions to which no response of Defendant is required. To the extent this paragraph is construed to contain factual allegations requiring a response, any such allegations are denied.

## VI.
## SECOND CLAIM FOR RELIEF:
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT (17 U.S.C. § 1202)

20. Defendant refers to and incorporates by reference its responses contained in Paragraphs 1 through 19 above as though set forth fully herein.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies all allegations therein.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies all allegations therein.

23. Paragraph 23 contains legal conclusions to which no response of Defendant is required. To the extent this paragraph is construed to contain factual allegations requiring a response, any such allegations are denied.

24. Defendant denies the allegations set forth in Paragraph 24.

25. Defendant denies the allegations set forth in Paragraph 25.

26. Defendant denies the allegations set forth in Paragraph 26.

27. Paragraph 27 contains legal conclusions to which no response of Defendant is required. To the extent this paragraph is construed to contain factual allegations requiring a response, any such allegations are denied.

## VII.
## PRAYER FOR RELIEF

28. The remainder of the Complaint constitutes Plaintiff's request for relief to which no responsive pleading is necessary. To the extent a responsive pleading is required, Defendant denies that Plaintiff is entitled to the relief sought.

## VIII.
## DEMAND FOR JURY TRIAL

29. Defendant admits that Plaintiff purports to demand a trial by jury on all issues triable by jury. Defendant specifically denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## IX.
## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and additional defenses to the allegations in the Complaint:

### First Defense: Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted.[2]

---

[2] Defendant explicitly reserves its right to file a motion after the pleadings are closed, including the right to file a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

### Second Defense: Fault of Third Parties

Defendant alleges that other parties, whether named or unnamed in the Complaint, and whether known or presently unknown to Defendant, were negligent or legally responsible or otherwise at fault for the damages alleged.

### Third Defense: No Infringement

Defendant has not engaged in or contributed to any infringement of the copyright alleged. Furthermore, Plaintiff is unable to prove that Defendant's alleged activities constituted an act of infringement.

### Fourth Defense: Innocent Intent

Plaintiff has not sustained any injury or damage as a result of any act or conduct of Defendant, and Defendant has at all times acted with innocent intent in that Defendant acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's purported rights or to cause damage to Plaintiff.

### Fifth Defense: Fair Use

Plaintiff's copyright claims are barred by the doctrine of fair use. Defendant's alleged use of Plaintiff's allegedly copyrighted works was a fair use and is therefore not an infringement of Plaintiff's alleged copyrights. *See* 17 U.S.C. § 107.

### Sixth Defense: Failure to Mitigate Damages

To the extent Plaintiff has stated any claims upon which relief may be granted, any damages Plaintiff may have suffered are a result of his own improper conduct, or the result

of his failure to mitigate his damages. Plaintiff has made no attempt to mitigate any actual or perceived damages, which Defendant expressly denies.

### Seventh Defense: *Scènes à Faire* and/or Merger

Plaintiff's claims are barred or limited by the *scènes à faire* and/or merger doctrine in that, among other things, Plaintiff's alleged copyrighted works are ordinary, commonplace, or standard in the relevant industry.

### Eighth Defense: No Statutory Copyright Damages or Attorney's Fees

Plaintiff is not eligible to recover statutory damages in connection with some or all of its claims for infringement of the alleged registered copyrights.

### Ninth Defense: First Amendment

Plaintiff's claims are barred to the extent that alleged actions are protected by the First Amendment of the Constitution of the United States.

## X.
## RESERVATION OF RIGHTS

Defendant reserves the right to assert any additional defenses in the event that discovery or further investigation reveals the existence of such defenses.

## XI.
## JURY TRIAL

Defendant requests a jury trial on all issues triable by jury.

        Respectfully submitted,

        HAYNES AND BOONE, LLP

        By: */s/ Laura Lee Prather*
        Laura Lee Prather (attorney-in-charge)
        State Bar No. 16234200
        laura.prather@haynesboone.com
        600 Congress Avenue, Suite 1300
        Austin TX 78701
        Telephone:   (512) 867-8400
        Telecopier:   (512) 867-8470

        **ATTORNEYS FOR DEFENDANT NPG OF TEXAS, L.P.**

## CERTIFICATE OF SERVICE

I certify that on March 15, 2019, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF filing system, which will provide a notice of electronic filing to counsel of record:

Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580

**Attorney for Plaintiff Steven Hirsch**

        */s/ Laura Lee Prather*
        Laura Lee Prather